IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES McDOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:16cv03-MHT |
| | ) | (WO) |
| MASSEY AUTO, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the court are plaintiff James McDowell's (1) motion to stay execution of costs of judgment and (2) second motion to proceed *in forma pauperis* (IFP), along with defendant Massey Auto's (3) motion to strike McDowell's updated affidavit in support of his motions. After a careful review of the record, the court has determined that all three motions should be denied.

At the beginning of this case, the magistrate judge denied McDowell's affidavit-supported motion to proceed IFP. McDowell did not seek review by the district judge. Later, after a jury returned a verdict for Massey Auto in this age-discrimination case, costs were

taxed against McDowell. McDowell appealed to the Eleventh Circuit Court of Appeals, and filed the motion to stay the execution of costs of the judgment pending appeal.

To better understand McDowell's current financial condition, the court ordered him to file an updated financial-status affidavit. He proceeded to file a second IFP motion with a financial-status affidavit identical to the one he filed at the beginning of the case. He later filed an updated financial-status affidavit, albeit after the deadline imposed by the court. Massey Auto responded with the motion to strike the undated affidavit as untimely; it further argued that, even if the court considers the affidavit, McDowell's stay and second IFP motions should be denied because the record fails to demonstrate that he is incapable of affording all costs and expenses incident to his appeal.

McDowell's motion to stay and second IFP motion are due to be denied for several reasons. First, the

updated financial-status affidavit remains incomplete. For example, when listing his monthly income, he included $ 2,000 of "other" income. IFP Mot. (doc. no. 134), at 2. The form prompts the filer to "specify" the source of that income, but McDowell did not do so. *Id*. Similarly, he lists $ 8,125 worth of monthly expenses "for operation of business, profession, or farm." *Id*. at 5. Again, the filer is prompted to "attach [a] detailed statement" of those expenses, and again McDowell failed to do so. *Id.*

In denying the first IFP motion, the magistrate judge noted that McDowell's expenses "str[uck] the court as exaggerated." M.J. Order (doc. no. 6), at 2. In the second IFP motion with updated affidavit, his expenses have nevertheless risen even higher--from $ 4,795 to $ 12,975. Much of this increase is due to the addition of $ 8,125 in unspecified business expenses. Not including these expenses, his expenses are very similar to those expenses that the magistrate judge previously found to be exaggerated--$ 4,850.

Even if McDowell's increased listed expenses are not exaggerated, other evidence in the record, including that adduced at trial, fails to reflect that he is without sufficient funds at his disposal to fund this litigation. *See Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982) (noting that "the court may look beyond the ... application ... to determine his financial condition"). At trial, McDowell expressed that he had not taken a job because he did not need the money, *see* Trial Tr. (doc. no. 119), at 36, and he admitted to paying personal bills from his corporate account. *Id*. at 38. A court may find IFP status appropriate if "the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents. ... [T]he statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir.

**4**

2004). The litigant need not be "absolutely destitute." *Id.* McDowell has not convinced the court that he lacks the financial resources to warrant IFP status in this case. *See id.* McDowell's second IFP motion lacks merit.

Also, McDowell has not met his burden of demonstrating the need to depart from the usual requirement that the party seeking a stay post a supersedeas bond in accordance with Federal Rule of Civil Procedure 62. *See Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) ("If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a 0departure.").[*] McDowell moved under subpart (g) of

---

[*]The Eleventh Circuit has adopted as precedent all decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

5

Rule 62--a provision that applies to Courts of Appeal--for this court to stay the execution of the costs of judgment. The proper procedure to achieve such a stay is through subpart (d) of Rule 62, which normally requires a supersedeas bond, though the Eleventh Circuit has clarified that such a bond "may be waived in a court's discretion." *United States v. Certain Real & Pers. Prop. Belonging to Hayes*, 943 F.2d 1292, 1296 (11th Cir. 1991).

"Although the court recognizes that it has the discretion to furnish an alternative to the bond requirement, [McDowell has] not provided any evidence that [he] will be better able to pay costs in the future," *Blevins v. Heilig-Meyers Corp.*, 184 F.R.D. 663, 670 (M.D. Ala. 1999) (Thompson, J.), or, for the above reasons, that he is currently without the resources to afford a supersedeas bond. Thus, the court will deny his motion for a stay.

Finally, because the court will deny both of McDowell's motions on the merits, Massey Auto's motion to strike will be denied as moot.

*** 

Accordingly, it is ORDERED that:

(1) Plaintiff James McDowell's motion to stay execution of costs of judgment (doc. no. 113) is denied.

(2) Plaintiff McDowell's application to proceed *in forma pauperis* (doc. nos. 132 & 134) is denied.

(3) Defendant Massey Auto's motion to strike (doc. no. 135) is denied.

DONE, this the 22nd day of January, 2018.

            /s/ Myron H. Thompson            
        UNITED STATES DISTRICT JUDGE